NO. 07-12-00078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 4, 2012

ANDRE PARTEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4117; HONORABLE STEVEN RAY EMMERT, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Andre Partee was charged with possession of marijuana in an amount of 2000 pounds or less but more than fifty pounds. After pleading guilty, he was placed on seven years deferred adjudication in 2005 pursuant to a plea bargain agreement. In 2011, the State filed a motion to proceed with adjudication of his guilt. After a hearing, the trial court found that he had violated various conditions of his probation, adjudicated his guilt, and sentenced him to twelve years in prison and a $5,000 fine.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a brief or response *pro se.* By letter dated May 3, 2012, this court also notified appellant of his right to file his own brief or response by June 4, 2012, if he wished to do so. To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed potential areas for appeal which included 1) the failure of the trial court to sustain appellant's hearsay and confrontation clause objections, 2) the sufficiency of the evidence to support the allegations that he failed to maintain suitable employment, pay child support, and make payments of court costs, fines, and probation fees, and 3) a recitation error in the judgment with respect to the plea bargain agreement. However, he then proceeded to explain why the issues would result in no relief being granted to appellant.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

However, we note that counsel is correct that the judgment is in error in its recitation that there was a plea bargain agreement with respect to the adjudication of appellant's guilt. It is also an inaccurate recitation of the original plea bargain. To

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

maintain the accuracy of the record, the judgment is modified to delete the reference to a plea bargain agreement with respect to the judgment adjudicating guilt. As modified, the trial court's judgment is affirmed, and counsel's motion to withdraw is granted.

Per Curiam

Do not publish.